UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| GARY N. OLIPHANT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3011 |
| | ) | |
| STATE OF ILLINOIS, et al., | ) | |
|     Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff seeks leave to proceed in forma pauperis on his claims regarding alleged excessive soy in the prison food during his incarceration in the Illinois Department of Corrections. He filed this case after his release from prison, so the Prison Litigation Reform Act does not apply.

Plaintiff's petition establishes his indigency and will therefore be granted. However, he can no longer seek injunctive relief since he is no longer in prison. Therefore, the State of Illinois must be dismissed.

IT IS THEREFORE ORDERED:

1) Plaintiff's petition to proceed in forma pauperis is granted (d/e

2).

2) Plaintiff's motion for appointed counsel is denied as premature (d/e 3). The Court cannot consider the merits of the motion until Plaintiff shows that he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Typically, a plaintiff makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel.

3) The State of Illinois is dismissed and terminated.

4) The Clerk is directed to send to each Defendant pursuant to this District's internal service procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this Order. If a Defendant fails to return a signed waiver, the Court will direct personal service on that Defendant and will charge the costs of service to that Defendant.

5) "Doe" defendants cannot be served. Plaintiff must timely identify the name and location of the Doe defendants for service, or they will be dismissed, without prejudice.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Once counsel for Defense has filed an appearance, Plaintiff shall serve upon said counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by the Court or Clerk which does not include a required certificate of service shall be stricken.

8) A Rule 16 scheduling conference is set for April 30, 2012, at 9:30 a.m. by telephone conference.

9) Within 14 days before the Rule 16 conference on April 30,

2012, Plaintiff must inform the Clerk of a phone number where he can be reached for that conference. If Plaintiff fails to provide a phone number or appear at that conference without good cause, this case shall be dismissed, with prejudice.

9) Plaintiff must immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number shall result in dismissal of this lawsuit, with prejudice.

10) The Clerk is directed to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED: 1/18/2012
FOR THE COURT:

                                s/Sue E. Myerscough
                                 SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE